ACCEPTED
12-14-00337-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
8/31/2015 2:21:27 PM
CATHY LUSK
CLERK

No. 12-14-00337-CR

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
8/31/2015 2:21:27 PM
CATHY S. LUSK
Clerk

IN THE
COURT OF APPEALS
TWELTH DISTRICT OF TEXAS AT TYLER

LARRY MAPLES,
APPELLANT

V.

THE STATE OF TEXAS,
APPELLEE

APPELLEE'S BRIEF

On appeal from Cause Numbers CR13-00334
294th Judicial District Court
Van Zandt County, Texas

APPELLEE'S BRIEF

Van Zandt County Criminal District Attorney
Richard A. Schmidt, First Assistant
State Bar Number 24043907
400 S. Buffalo, Canton, TX 74103
903-567-4104 – 903-567-6258fx

Attorney for the State of Texas

1

## IDENTITIES OF PARTIES

APPELLANT:
    Larry Maples
    TDCJ # 01965775
    Stiles Unit
    3060 FM 3514
    Beaumont, Texas 77705

Trial Attorneys for the Appellant:

Jeff Hass                              James Huggler
100 E. Ferguson, Ste. 908             100 E. Ferguson, Ste. 805
**Tyler, TX 75702**                    Tyler, TX 75702

J. Rex Thompson
321 W. Houston St.
Tyler, TX 75702

Attorney for Appellant on Appeal:      James Huggler
                                       100 E. Ferguson, Ste. 805
                                       Tyler, TX 75702

Attorneys for the State at trial and on Appeal:

Richard A. Schmidt                     Chris Martin
1st Asst. Crim. Dist. Att.            Criminal District Attorney
400 S. Buffalo                         400 S. Buffalo
Canton, TX 75103                       Canton, TX 75103

# TABLE OF CONTENTS

PAGE

IDENTITIES OF PARTIES AND COUNSEL        2

INDEX OF AUTHORITIES        4

STATEMENT OF THE CASE        5

ISSUES PRESENTED        3, 6, 11

    ISSUE NUMBER ONE: THE EVIDENCE WAS LEGALLY SUFFICIENT TO FIND APPELLANT GUILTY OF THE OFFENSE OF CAPITAL MURDER.

    ISSUE NUMBER TWO: THE TRIAL COURT ACTED CORECTLY IN DENYING APPELLANT'S MOTION FOR DIRECTED VERDICT.

    ISSUE NUMBER THREE: IT WAS NOT ERROR FOR THE TRIAL COURT TO DENY APPELLANT'S MOTION FOR A PERJURY INSTRUCTION.

SUMMARY OF THE FACTS        5

ARGUMENT        6

PRAYER        15

CERTIFICATE OF SERVICE        15

CERTIFICATE OF COMPLIANCE        15

# INDEX OF AUTHORITIES

CASES

Brooks v. State, 323 S.W.3d 893, 2010 Tex. Crim. App. LEXIS 1240 (Tex. Crim. App. 2010)..............................................................7

Ex parte Castellano, 863 S.W.2d 476, 479 (Tex. Crim. App. 1993).......12

Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979).................................................................................7

Losada v. State, 721 S.W.2d 305, 311 (Tex. Crim. App. 1986).............12

McDuff v. State, 939 S.W.2d 607, 613, 1997 Tex. Crim. App. LEXIS 1, *12 (Tex. Crim. App.1997)...........................................6, 8

Ramirez v. State, 96 S.W.3d 386, 396, 2002 Tex. App. LEXIS 5402, *27-28 (Tex. App. Austin 2002)................................13

Tucker v. State, 15 S.W.3d 229, 234 (Tex. App.-- Houston [14th Dist.] 2000, pet. ref'd)....................................................................12

York v. State, 342 S.W.3d 528, 530, 2011 Tex. Crim. App. LEXIS 913, *1 (Tex. Crim. App. 2011)...........................................7


STATUTES

Tex. Penal Code § 19.03(a)(2)....................................................5

**TO THE HONORABLE JUSTICES OF THE COURT OF APPEAL:**

The State of Texas, Appellee, by and through her attorney of record, Richard A. Schmidt, files this response brief on appeal:

## STATEMENT OF THE CASE

Appellee accepts and adopts Appellant's statement of the case as outlined in Appellant's brief.

## SUMMARY OF FACTS

Appellant was charged by indictment with capital murder in that on or about March 24, 2013, he intentionally caused the death of Heather Maples (hereinafter referred to as "Heather"), by shooting her with a firearm, while in the course of committing the offense of burglary of a habitation of Moises Clemente (hereinafter referred to as "Mo"). I CR 11; 14 RR 10-11; Tex. Penal Code § 19.03(a)(2). On March 23, 2013, Heather went to Mo's home. 14 RR 43. In the early morning hours of March 24, 2013, Larry Maples drove to the rural location of Mo's home, parked his truck three-tenths of a mile from the residence, walked to the residence carrying a Colt .45 1911 semi-automatic hand gun, entered through an unlocked door, crept to a bedroom where Mo and Heather were having a conversation, without word shot Mo in the

abdomen, argued with Heather, shot her, argued more, shot her again, left the bedroom, returned, placed a pillow over her head and shot her under the chin ending her life.  14 RR 56-67 and 14 RR 154.  Additional, relevant facts will be further discussed throughout this brief.

## ARGUMENT

ISSUE NUMBER ONE:     THE EVIDENCE WAS SUFFICIENT TO PROVE APPELLANT GUILTY OF CAPITAL MURDER.
                                (COMBINED)
 ISSUE NUMBER TWO:     THE TRIAL COURT ACTED CORECTLY IN DENYING APPELLANT'S MOTION FOR DIRECTED VERDICT.

Appellant complains to this Court that the record is void of legally sufficient evidence for the jury to find the element of the crime of Capital Murder beyond a reasonable doubt. Appellant combines his second issue with the first and complains that the trial court erred in not granting a directed verdict as requested at trial based on an insufficiency claim.  Since a complaint about overruling a motion for directed/instructed verdict is in actuality an attack upon the sufficiency of evidence to sustain the conviction, it is properly addressed together. McDuff v. State, 939 S.W.2d 607, 613, 1997 Tex. Crim. App. LEXIS 1, *12 (Tex. Crim. App. 1997).

In determining the issue of sufficiency of the evidence to sustain a conviction, the Court of Criminal Appeals in Brooks v. State, 323 Sw3d 893, adopted the United States Supreme Court standard as outlined in Jackson v. Virginia:

> The critical inquiry on review of the sufficiency of evidence to support criminal conviction must be not simply to determine whether jury was properly instructed, but to determine whether record evidence could reasonably support a finding of guilt beyond a reasonable doubt; the relevant question is whether, after viewing evidence in light most favorable to prosecution, any rational trier of fact could have found the essential element of the crime beyond a reasonable doubt.

Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979).

As is the case here, where Appellant elected to have the charges against him tried to a jury, "[w]hen the trial judge is not the finder of fact on the question of guilt, [s]he can direct a verdict in the defendant's favor only if after viewing the evidence in the light most favorable to the prosecution, [s]he cannot conclude that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. York v. State, 342 S.W.3d 528, 530, 2011 Tex. Crim. App. LEXIS 913, *1 (Tex. Crim. App. 2011).

The indictment in the instant cause included a count alleging capital murder via murder in the course of committing and attempting to commit burglary of a habitation. 14 RR 10-11. The jury charge authorized conviction of capital murder if it found that appellant intentionally caused the death of the Heather Maples in the course of committing burglary of the habitation of Moises Clemente. 16 RR 8. The jury returned a general verdict of "guilty of the offense of capital murder." 16 RR 49. If the evidence is sufficient to support the allegation of murder during the course of burglary of a habitation, then the guilty verdict shall be upheld. McDuff v. State, 939 S.W.2d 607, 614, 1997 Tex. Crim. App. LEXIS 1, *14-15 (Tex. Crim. App. 1997).

As properly contained in the trial court's charge to the jury, a person commits capital murder if he intentionally or knowingly causes the death of another while in the course of committing or attempting to commit burglary. 16 RR 8. Further, the charge to the jury properly states that a person commits the offense of burglary if, without the effective consent of the owner, he enters a habitation with the intent to commit a felony, theft or an assault or he enters a habitation and commits or attempts to commit a felony, theft or assault.

In the instant case, the evidence shows beyond a reasonable doubt that during the early hours of March 24, 2013, Appellant drove his white pickup truck to Moises Clemente's (hereinafter referred to as "Mo") house located at 2641 F.M. 16 in Van Zandt County in a rural location. 14 RR 23. He parked his truck approximately three-tenths (3/10) miles from Clemente's house. 15 RR 18. He entered the residence through an unlocked door without Moises Clemente's knowledge or consent. Carrying a Colt 45 semi-automatic handgun, he walked to the bedroom where Moises Clemente and the deceased Heather Maples (herein after referred to as "Heather") were located. Without saying a word, Appellant shot Mo one time in the abdomen. A short argument between Appellant and Heather ensued. Appellant then shot Heather and she sat back down on the corner of the bed. Appellant and Heather began to argue again. They struggled and Appellant shot Heather again and she fell to the floor where she lay moaning. Mo pleaded with Appellant not to shoot her again. Appellant left the bedroom only to return a short while later, placed a pillow over Heather's face and shot her in the head.

14 RR 56-67 and 14 RR 154.

After killing Heather, Appellant left the bedroom again and began making and or receiving telephone calls. 14 RR 68-71. Appellant's conversations included a conversation with his sister Pamela Galvan, in which he stated "I did it, I killed the bitch." 14 RR 68. Also, Appellant spoke with his father in during which conversation he stated, "I did what you told me not to do." 14 RR 70. Appellant then contacted 911 and relayed to dispatch what he had done. See State's Exhibit 51.

The uncontroverted testimony in this case shows beyond a reasonable doubt that Appellant intentionally caused the death of Heather. In addition, the evidence clearly shows that Appellant did so while in the course of committing burglary of a habitation with the intent to commit aggravated assault. Appellant entered Mo's habitation without his consent, entered Mo's bedroom, and without word, shot Mo with a .45 caliber handgun. A rational trier of fact could conclude beyond a reasonable doubt that by parking three-tenths of a mile from the residence, carrying a firearm with him, entering Mo's residence in the dark, and by shooting Mo without struggle or conversation, that Appellant entered the residence with the intent to

commit and indeed did commit aggravated assault and the in the course of doing so intentionally caused the death of Heather.

Therefore, the evidence clearly shows the verdict is consistent with the factual and legal weight of the evidence and that the trial court acted without error in denying Appellant's motion for a directed verdict.

ISSUE NUMBER THREE: IT WAS NOT ERROR FOR THE TRIAL COURT TO DENY APPELLANT'S MOTION FOR A PERJURY INSTRUCTION.

On Appellant's third issue of appeal, he complains that the trial court erred in not including a charge on perjured testimony of Moises Clemente. 16 RR 6. In support of his contention Appellant cites several cases which originated in the Federal system. However, upon a thorough review of Texas precedent, the undersigned could find no authority supporting Appellant's contention that he was entitled to an instruction as requested. Further, credibility of a witness and their testimony is properly addressed in this case as the courts charge contained the following:

"You are the exclusive judges of the facts proved, of the credibility of the witnesses and the weight to be given to the testimony, but you

are bound to receive the law from the Court, which is herein given you, and be governed thereby."  16 RR 14.

The above notwithstanding, the issue is more properly couched as a due process analysis and in terms of whether the State's reliance on perjured testimony, if indeed perjured, affected the verdict.

The State is not allowed to use perjured testimony to obtain a conviction. Losada v. State, 721 S.W.2d 305, 311 (Tex. Crim. App. 1986). If the State presents false testimony which relates to an essential element of the offense, and fails to correct its own testimony, then reversal will be appropriate. See id. Further, the State's knowing use of perjured testimony violates the due process clause of the Fourteenth Amendment to the United States Constitution. Ex parte Castellano, 863 S.W.2d 476, 479 (Tex. Crim. App. 1993). Disagreements in testimony do not constitute the use of perjured testimony. *Tucker v. State,* 15 S.W.3d 229, 234 (Tex. App.-- Houston [14th Dist.] 2000, pet. ref'd). Furthermore, even if there is a finding of perjured testimony, a due process violation will be said to exist only if the complained-of testimony is material. Exparte Castellano, 863S.W.2d at 485.

A violation of the prohibition of using perjured testimony requires

a conviction be set aside only if there "[I]s a reasonable likelihood that the false testimony could have affected the judgment of the jury. This is essentially the harmless error standard for constitutional error embodied in the Texas Rules of Appellate Procedure 44.2(a)." Ramirez v. State, 96 S.W.3d 386, 396, 2002 Tex. App. LEXIS 5402, *27-28 (Tex. App. Austin 2002)(internal citations omitted).

At trial, evidence of DNA analysis of samples taken from the body of Heather were submitted into evidence which showed the presence of Mo's DNA on or in the body of Heather. 15 RR 76-77. When questioned about the presence of his DNA in Heather, Mo testified that he hadn't been intimate with Heather for some time but that it had to have come from a dirty sex toy that they shared. Forensic Scientist, Gloria Ruiz, testified that although unlikely, it was possible for the DNA to have come from a sex toy. 15 RR 81-82.

Here, there has been no finding of perjured testimony on the part of Mo or a reliance on perjured testimony by the State. There is no proof provided by Appellant that Mo's hypothesis or explanation regarding the presence of his DNA inside the victim's anal and vaginal canals was false. Further, there is no valid assertion by appellant that the State

relied on the perjured testimony of Mo as far as the DNA evidence is concerned to convict the appellant or to further the State's case in any way. Last, if the testimony concerning DNA given by Mo was perjured, it is harmless error because the DNA evidence presented was explained scientifically by Ruiz, the remainder of Mo's testimony was corroborated with other evidence, and the presence of his DNA in the victim was irrelevant to the charge of capital murder and not proof of any element of the charge. Any error by including the testimony or by not including a perjury instruction in the charge was harmless and in no way influenced the verdict rendered by the jury.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellee prays that Appellant's request for relief be in all things denied and that mandate issue affirming the judgment and sentence rendered at trial.

Respectfully submitted,

/s/ / Richard A. Schmidt

_____
Richard A. Schmidt
S.B.N. 24043907
Assistant Criminal District Attorney
Van Zandt County
400 S. Buffalo, Canton, TX 75103
903.567.4104/903.567.6258 fx

14

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was delivered upon the Attorney for Appellant on August 31, 2015.

\_\_\_/s/ / Richard A. Schmidt\_\_

Richard A. Schmidt

## CERTIFICATE OF COMPLIANCE

I certify that this Brief complies with Tex. R. App. P. 9.4, specifically using 14 point Century font and in its entirety contains 2,489 words as counted by Microsoft Word.

/s/ / Richard A. Schmidt

_____

Richard A. Schmidt